**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HOA LIEN,

              Appellant,

      v.

UNITED STATES POSTAL SERVICE,

              Agency.

DOCKET NUMBER
SF-0752-15-0282-I-1

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Zepuor Parsanian</u>, Tujunga, California, for the appellant.

<u>Nina Paul</u>, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a Distribution Clerk, suffered a compensable injury in 2005. Initial Appeal File (IAF), Tab 8 at 65-68. On July 16, 2013, he contended that he injured himself again while lifting a package. *Id*. at 64. He was subsequently placed on a temporarily totally disabled (TTD) status by his treating physician and remained off work until August 20, 2013, when he returned to work with modified duties. IAF, Tab 4 at 1, Tab 6 at 23, 61-62.

¶3 On November 15, 2013, the agency issued the appellant a notice of removal based on the charge of failure to follow instructions/unacceptable conduct. IAF, Tab 8 at 31-41. In its notice, the agency specified that the appellant had filed a Notice of Traumatic Injury and Claim for Continuation of Pay Compensation asserting that on July 16, 2013, he had suffered an injury by lifting a package weighing more than 5 pounds. *Id*. The agency stated that, in fact, the appellant had not lifted anything weighing more than 4 pounds. *Id*. The agency also specified that an investigation by the Office of the Inspector General (OIG) and a detective from the California Department of Insurance revealed that the appellant, while receiving workers' compensation benefits for being on a TTD status due to the alleged July 16, 2013 injury, regularly engaged in activities outside of his supposed physical limitations. *Id*. Based on the OIG investigation, the

appellant's treating physician eliminated the appellant's TTD designation, and he returned to his modified duties. *Id*.

¶4    The appellant grieved the notice of removal and continued to work while the grievance was pending until April 24, 2014, when he was arrested by OIG agents and charged with felonies apparently related to the fraudulent claim for workers' compensation and incarcerated. IAF, Tab 4, Tab 8 at 20. Upon his arrest, the agency placed him in nonduty status until his grievance was fully adjudicated. IAF, Tab 8 at 20. The appellant was released from jail when he posted bond on April 26, 2014. IAF, Tab 4 at 6-8.

¶5    He subsequently filed this appeal, contesting the November 15, 2013 notice of removal, alleging that his placement on nonduty status was improper, and asserting that the agency failed to restore him after he was released from jail on April 26, 2014.[2] IAF, Tab 1. He also alleged that the agency committed prohibited personnel practices. *Id*.

¶6    In the initial decision, the administrative judge subsequently dismissed the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 10, Initial Decision (ID). In particular, he found that the appellant failed to nonfrivolously allege Board jurisdiction over the notice of removal and the agency's decision to place him in an unpaid status on April 24, 2014, as adverse actions. ID at 5. The administrative judge further found that the appellant failed to make a nonfrivolous allegation that his placement on nonduty status was due to his compensable injury, rather than due to his charged misconduct, arrest, and incarceration. ID at 8. Thus, the administrative judge found that the Board

---

[2] The appellant also alleged that the agency improperly failed to restore him based on a partial day letter (PDL) that the agency issued him on December 18, 2013. On that date, the agency sent the appellant home before he worked a full shift because it had no work available within his restrictions. IAF, Tab 8. The administrative judge found that, to the extent that the appellant wants to pursue the claim of failure to restore based on the PDL, he must file a separate appeal with the Board. IAF, Tab 10, Initial Decision at 4.

lacked jurisdiction over the appeal. *Id.* Additionally, the administrative judge found that, absent an appealable action, the Board did not have jurisdiction to adjudicate the appellant's allegation that the agency engaged in prohibited personnel practices. *Id.*

¶7    In his petition for review, the appellant alleges that the administrative judge erred in finding that his placement in a nonduty status was unrelated to his compensable injury.[3] Petition for Review File, Tab 1. He also states that he is still receiving workers' compensation payments.[4] *Id.*

¶8    To establish jurisdiction over a restoration appeal as a partially recovered individual, the appellant must prove by preponderant evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012). If the appellant makes nonfrivolous allegations of jurisdiction regarding all four prongs of the jurisdictional standard, he is entitled to a jurisdictional hearing. *See Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 8 (2013).

---

[3] In his petition, the appellant represents that his criminal case has been dismissed. However, the most recent submission regarding that case shows that it was dismissed because the state was unable to proceed within the statutory time and that the state would be refiling the case at a later time. IAF, Tab 4 at 24.

[4] To the extent that the appellant is contending that the notice of removal and his placement into an unpaid status on April 24, 2014, constitute appealable adverse actions, the administrative judge correctly found that the Board lacks jurisdiction over any such actions under 5 U.S.C. chapter 75. ID at 5. For a U.S. Postal Service employee to appeal an adverse action under chapter 75, he must: (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996). The administrative judge found that the appellant failed to satisfy the first jurisdictional requirement, and we discern no basis for disturbing this finding on review.

¶9     Here, the appellant failed to make a nonfrivolous allegation that he was absent from his position due to a compensable injury, the first prong of the jurisdictional standard.  The Board has held that an employee who was absent from work for cause, rather than for reasons substantially related to his compensable injury, is not entitled to restoration.  *Frye v. U.S. Postal Service*, 102 M.S.P.R. 695, ¶ 9 (2006); *King v. Department of the Navy*, 90 M.S.P.R. 341, ¶ 8 (2001).  A valid reason for placement in nonduty status, unrelated to a compensable injury, precludes restoration rights.  *Mobley v. U.S. Postal Service*, 86 M.S.P.R. 161, ¶ 7 (2000).  The appellant's misconduct, specified by the agency as alleged fraudulent receipt of workers' compensation benefits, was the cause of his placement in nonduty status, not his compensable injury.  Accordingly, we find that the administrative judge properly found that the appellant failed to make a nonfrivolous allegation that he was absent from his position as a result of a compensable injury and correctly dismissed the appeal for lack of jurisdiction without holding a hearing.  ID at 1, 8.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.